# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM D. LANE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-3078-CV-S-RED** |
| | ) | |
| **HOUSING AUTHORITY OF** | ) | |
| **SPRINGFIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Original Petition, or, in the alternative, Defendant's Motion for More Definite Statement (Doc. 36). Defendant moves for the dismissal of Plaintiffs' First Amended Original Petition for Civil Rights Violations and Unfair Housing Practice by Conspiracy, Fraud, and Retaliation ("Amended Complaint") (Doc. 3).

## STANDARD OF REVIEW

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. *Cook v. ACS State & Local Solutions, Inc.*, 663 F.3d 989, 992 (8th Cir. 2011). The Court dismisses a claim pursuant to Rule 12(b)(6) when the complaint fails to allege facts sufficient to "state a claim for relief that is plausible on its face." *Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the "court accepts as true all factual allegations but is not bound to accept as true a legal conclusion couched as a factual allegation." *Cook*, 663 F.3d at 992.

## DISCUSSION

Plaintiffs David D. Bower, Mary R. Bower and William D. Lane ("Plaintiffs") filed this action, pursuant to 42 U.S.C. § 3613, against Defendant Housing Authority of the City of Springfield ("Defendant") on the basis that Defendant violated the statutes governing the fair housing practices in the United States. In the Amended Complaint, Plaintiffs allege that Defendant violated the fair housing statutes for such acts as attempting to evict David Bower because he became a "whistleblower" (Amended Complaint ¶ 6), placing Mary Bower on a waiting list for over two years and eventually forcing Mary Bower to turn down housing once it was offered from Defendant because "there is so much corruption in the dep[artment] and she is afraid to rent from them" (Amended Complaint ¶¶ 5, 7), and telling William Lane that his rent check was returned to Defendant even though it allegedly was not returned and attempting to force Lane to sign a voluntary move-out document arising out of the rent dispute (Amended Complaint ¶ 8). As a result of these actions, Plaintiffs claim that they have been treated unfairly and Defendant has engaged in a conspiracy to deny them housing. Plaintiffs also appear to seek damages for slander, defamation and fraud relating to the actions described above.

Defendant now moves to dismiss the Amended Complaint on the basis that Plaintiffs have failed to show how any of the facts discussed in the Amended Complaint constitute a violation of the fair housing statutes. Defendant also notes that two out of the three plaintiffs are attempting to relitigate issues they have previously raised in state and federal court. For example, David Bower's allegations concerning "eviction notices with trumped up and forged room inspection signatures that he did not sign" (Amended Complaint ¶ 6) was litigated in state court on January 27, 2011, when it was determined that Defendant lawfully terminated his lease. David Bower attempted to remove the state court action to federal court and this Court remanded the case because the removal was

2

frivolous. *See* Order (Doc. 3) in *Housing Authority of the City of Springfield, MO v. Bower*, Case No. 11-3222-RED (W.D. Mo. July 5, 2011). Furthermore, Defendant also notes that William Lane also litigated the very same allegations he raises in this complaint, both in state and federal court, and was ruled against in all actions. *See* (Suggestions in Support Doc. 37 p. 10).

The Court finds Defendant's reasons for dismissal persuasive. Aside from the fact that David Bower and William Lane seek to relitigate issues previously addressed and decided by courts with competent jurisdiction, meaning only Mary Bower has set forth new claims,[1] Plaintiffs clearly have not alleged any claim falling under the fair housing statutes. The fair housing statutes seek to protect discrimination because of someone's race, color, religion, sex, handicap, familial status, or national origin, and none of the claims raised by Plaintiffs can be fairly characterized as falling within the statutes' purview. *See* 42 U.S.C. §§ 3604; 3605, 3606; 3617. As such, the Court will grant Defendant's Motion to Dismiss.

Therefore, for the reasons above, Defendant's Motion to Dismiss Plaintiff's First Amended Original Petition, or, in the alternative, Defendant's Motion for More Definite Statement (Doc. 36) is **GRANTED** and the Amended Complaint is hereby **DISMISSED WITH PREJUDICE**, with respect to their claims falling under the fair housing statutes. To the extent Plaintiffs seek to assert state law claims against Defendant, although it is not clear that they do, such claims are dismissed without prejudice, and the parties are directed that this Court will not exercise supplemental jurisdiction over such claims. As the Court has already granted Plaintiffs leave to amend after

---

[1] Mary Bower and William Lane also brought allegations under the fair housing statutes against other defendants which were dismissed with prejudice by this Court on January 31, 2012. *See* Order (Doc. 15)*, Lane et al v. Wooten Co. LLC et al*, Case No. 11-3093-RED (W.D. Mo. Jan. 31, 2012).

3

finding their original complaint was deficient and given the nature of the deficiencies in the Amended Complaint, the Court will not allow Plaintiffs leave to amend. Finally, Plaintiffs' Motion to Join Parties (Doc. 41), Motion to Compel or in the alternative for Default Judgment (Doc. 43) and Motion to set a Scheduling Order and Sanction Defendant's Counsel (Doc. 44) are **DENIED**, as this case is dismissed.

**IT IS SO ORDERED.**

DATED:          March 30, 2012          _____*/s/ Richard E. Dorr*_____
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT